DOMINICK *vs.* MOORE.

*In the matter of the estate of* GEORGE DOMINICK, *deceased.*

AFTER the expiration of a life estate, the will directed the sale of the property and the payment of several legacies, and then gave one half of all the residue of the estate to P. D. and her six children, "and to the survivor and survivors of them." P. D. survived the testator, but died before the life-tenant; and it was held that her legacy did not lapse.

The general rule is, that all legacies vest on the testator's decease, and to prevent the vesting the contrary intention must be clear. A clause of survivorship is ordinarily referable to the same period—the death of the testator—unless the distribution is postponed till the determination of a life estate, in which case the weight of authority *seems* to incline in favor of referring the survivorship to the period of distribution.

The gift of a general residue, and not merely of the remainder in a particular portion after the death of a life-tenant, does not constitute an exception to the general rule; but in such case the bequest vests on the testator's decease, although a portion of the subject matter is a remainder after a life estate.

SMITH BARKER, *for Petitioner.*
E. C. BENEDICT, *for Executor.*

THE SURROGATE. The will of the deceased gave his daughter Elizabeth a life estate in certain real and personal estate, and on her death directed a sale and the payment of several legacies out of the proceeds. The remainder was disposed of as follows : " All the rest, residue and remainder of my estate, whether real or personal, in law or in equity, I give, devise and bequeath as follows, to wit, 1. One half thereof to my beloved son, James W. Dominick, his heirs, executors, administrators and assigns forever. 2. The other half to Philena Dominick, widow of Francis John Dominick, deceased, and her six children, to wit, George, James Blanchard, Francis Nostrand, William Hudson, Ann Elizabeth, and Elizabeth, *and to the survivor and survivors of them*, and to their heirs, executors, administrators and assigns forever, share and share alike."

Philena Dominick, after the death of the testator, assigned her interest under the will to Francis Nostrand, her son, and died previous to the decease of Elizabeth Dominick, the life-tenant of a portion of the estate. It is claimed on the part of some of her children that the interest of Philena was subject to a right of survivorship in them, and that in consequence of her decease before that of Elizabeth, the life-tenant, her assignee takes nothing in her right. This proposition depends entirely on the time or contingency to which the clause of survivorship was intended to refer ;— if to the death of the life-tenant, in that case only the survivors of Elizabeth take—if to the death of the testator, all the legatees surviving the testator take vested interests, capable of disposition and transmission, though the legatee die before the time fixed for possession or enjoyment of the legacy.

As a will takes effect on the death of the testator, unless by special direction otherwise, the general rule is that all legacies vest at that time ; and to prevent the vesting, there must be evident a contrary intention, in clear language. For the same reason, it was at one time established by a long series of decisions, that a clause of survivorship is ordinarily referable to the death of the testator—that is,

to the time of the vesting of the legacy, and not to the time of distribution or payment, unless very clear words sustained the latter application. Subsequent adjudications have impaired the force of this canon of construction; and in relation to *personal* estate, the weight of authority is thought to be in favor of applying the survivorship to the time of distribution, when, after the determination of a life estate, the fund is given to a number or a class as tenants in common, *and to the survivors of them.* It is not necessary, however, to pass upon that question, or attempt to deduce some general rule from the inconsistent and conflicting cases. In the present instance, the gift is of a general residue—real and personal—and not merely of the remainder in the particular portion given for life to Elizabeth. The testator expressly directs his debts to be paid out of some portion of his estate other than that devised to Elizabeth. Whether that portion was large or small does not affect the construction of the residuary clause, so long as it appears plain that the testator contemplated other subjects of the devise besides the remainder in the property given to Elizabeth for life. It is also worthy of observation that in regard to a legacy directed to be paid out of the proceeds of this very property, provision is expressly made for the contingency of the legatee dying before the life-tenant; and if it had been the design to make the same provision in relation to the donees of the general residue, it is singular similar unequivocal expressions were not used. But so far from this, the residuary clause is constructed without the slightest reference, in language or by implication, to the fact that one of its subjects was a remainder on a life estate. The terms used are such as would be appropriate in case there was no such remainder. From the circumstance that the residue given is general, and not solely the residue of particular property previously given for life, the case is relieved from any feature tending to establish an exception to the usual rule, that the interests under a will vest on the testator's death. Such property as was not

previously given for life would undoubtedly vest immediately on the testator's death in all the persons named, then living ; and it is impossible to give the same words of the same devise a different interpretation, because there are other residuary interests not coming into possession until the death of a life-tenant. The testator has not made this distinction, nor indicated such an intention. The clause in question must be left to its ordinary legal construction, without disturbance from the peculiar nature of some of the interests affected by it. I am of opinion that Mrs. Dominick took a vested interest in *all* the residuary estate of the testator, independent of any contingency, the survivorship being referable to the period of the testator's decease. Her assignee, therefore, is entitled, notwithstanding she died before Elizabeth, the life-tenant of a portion of the property.